# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF EDWARD RAMOS III, ROXANNE LABUGA, and EDWARD RAMOS JR., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, and DOE 1 to 20, <br><br> Defendant. <br> _____/ | Case No. 1:25-cv-00056-JLT-SKO <br><br> **ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER** <br><br> (Doc. 13) |

## I.   INTRODUCTION

On March 13, 2025, the parties filed a request seeking Court approval of their stipulated protective order. (Doc. 13.) The Court has reviewed the proposed stipulated protective order and has determined that, in its current form, it cannot be granted. For the reasons set forth below, the Court DENIES *without prejudice* the parties' request to approve the stipulated protective order.

## II.   DISCUSSION

**A.   The Protective Order Does Not Comply with Local Rule 141.1(c)**

The proposed protective order does not comply with Rule 141.1 of the Local Rules of the United States District Court, Eastern District of California. Pursuant to Rule 141.1(c), any proposed protective order submitted by the parties must contain the following provisions:

(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c). The stipulated protective order fails to contain this required information. Specifically, the protective order fails to identify the parties' need for protection. (*See* Doc. 13 at 2 (stating "Defendants assert that there exists a specific, particularized need for protection as to the information covered by this stipulated protective order. Defendants represent to the Court and Plaintiffs that the materials designated to be covered by this stipulated protective order are limited solely to those which would qualify for protection under Federal Rule of Civil Procedure 26(c), and does not include information designated on a blanket or indiscriminate basis.").) Local Rule 141.1(c)(2) requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order." As the parties do not present the Court with any particularized need for protection as to the identified categories of information to be protected, other than their representations that Defendants have a such a need, the protective order fails to comply with Local Rule 141.1(c)(2).

**B.   The Parties' Stipulated Protective Order is Denied <u>Without</u> Prejudice**

The parties may re-file a revised proposed stipulated protective order that complies with Local Rule 141.1(c) and corrects the deficiencies set forth in this order.

### III.   CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the parties' request for approval of the stipulated protective order (Doc. 13) is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

Dated:   **April 15, 2025**                    /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE

2