Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:       mark@markmerin.com
              paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF EDWARD RAMOS III,
ROXANNE LABUGA, and EDWARD RAMOS JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ESTATE OF EDWARD RAMOS III, ROXANNE LABUGA, and EDWARD RAMOS JR., <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20, <br><br> Defendants. | Case No. 1:25-cv-00056-JLT-SKO <br><br> **FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** <br><br> **DEMAND FOR JURY TRIAL** |

### **INTRODUCTION**

26-year-old EDWARD RAMOS III was killed on November 3, 2024, when he was attacked by his cellmates as a pretrial detainee at the Merced County Main Jail, while in the custody of the COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and Sheriff VERNON WARNKE, and while under the supervision of jail personnel including CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, GLENN PETERSON, JAYCOB FREITAS, and HECTOR LAZARO.

1

**JURISDICTION & VENUE**

1.     This Court has jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S. Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2.     Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.     Intradistrict venue is proper in the Fresno Division of the Eastern District of California pursuant to Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Merced, California.

**EXHAUSTION**

4.     On November 14, 2024, the ESTATE OF EDWARD RAMOS III, ROXANNE LABUGA, and EDWARD RAMOS JR. submitted substantially compliant government claims to the COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE relating to the claims asserted in this action. County Claim No. 2024-130.

5.     On March 12, 2025, the COUNTY OF MERCED mailed a notice of rejection of the ESTATE OF EDWARD RAMOS III's claim.

**PARTIES**

6.     Plaintiff ESTATE OF EDWARD RAMOS III appears by and through the real-party-in-interest Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR., the biological parents of EDWARD RAMOS III, who bring this action pursuant to California Code of Civil Procedure § 377.30. Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR. bring this action as the successors-in-interest on behalf of the decedent EDWARD RAMOS III. Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR.'s declarations demonstrating status as EDWARD RAMOS III's successors-in-interest are filed as ECF No. 1-1, 1-2, pursuant to California Code of Civil Procedure § 377.32.

7.     Plaintiff ROXANNE LABUGA is a resident of the County of Merced, California. Plaintiff ROXANNE LABUGA brings this action: (a) on behalf of EDWARD RAMOS III, in her

2

representative capacity as a successor-in-interest; and (b) on behalf of herself, in her individual capacity. Plaintiff ROXANNE LABUGA is the biological mother of EDWARD RAMOS III and an heir to his estate under California law.

8.      Plaintiff EDWARD RAMOS JR. is a resident of the County of Merced, California. Plaintiff EDWARD RAMOS JR. brings this action: (a) on behalf of EDWARD RAMOS III, in his representative capacity as a successor-in-interest; and (b) on behalf of himself, in his individual capacity. Plaintiff EDWARD RAMOS JR. is the biological father of EDWARD RAMOS III and an heir to his estate under California law.

9.      Defendant COUNTY OF MERCED is located in the State of California. Defendant COUNTY OF MERCED is a "public entity," pursuant to California Government Code § 811.2.

10.      Defendant MERCED COUNTY SHERIFF'S OFFICE located in the County of Merced, California. Defendant MERCED COUNTY SHERIFF'S OFFICE is a "public entity," pursuant to California Government Code § 811.2.

11.      Defendant VERNON WARNKE is, at all times material herein was, a law enforcement officer and Sheriff for Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, acting within the scope of employment and under color of state law. Defendant VERNON WARNKE is sued in an individual capacity.

12.      Defendant CLIFFORD TILLEY is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, acting within the scope of employment and under color of state law. Defendant CLIFFORD TILLEY is sued in an individual capacity.

13.      Defendant OMAR AYALA JR. is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, acting within the scope of employment and under color of state law. Defendant OMAR AYALA JR. is sued in an individual capacity.

14.      Defendant JOSE RIOS is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, acting within the scope of employment and under color of state law. Defendant JOSE RIOS is sued in an

3

individual capacity.

15.    Defendant GUSTAVO OCHOA is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, acting within the scope of employment and under color of state law. Defendant GUSTAVO OCHOA is sued in an individual capacity.

16.    Defendant CAROLYN STRONG is, and at all times material herein was, employed by Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, acting within the scope of employment and under color of state law. Defendant CAROLYN STRONG is sued in an individual capacity.

17.    Defendant JAYCOB FREITAS is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, acting within the scope of employment and under color of state law. Defendant JAYCOB FREITAS is sued in an individual capacity.

18.    Defendant HECTOR LAZARO is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, acting within the scope of employment and under color of state law. Defendant HECTOR LAZARO is sued in an individual capacity.

19.    Defendants DOE 1 to 20 are and/or were agents, contractors, or employees of Defendants COUNTY OF MERCED and/or MERCED COUNTY SHERIFF'S OFFICE, acting within the scope of agency or employment and under color of state law. Defendants DOE 1 to 20 are sued by fictitious names and their true and correct names and identities will be substituted when ascertained.

## GENERAL ALLEGATIONS

20.    At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

21.    EDWARD RAMOS III was a 26-year-old man, prior to his death on November 3, 2024.

### Gang Unit Raid

22.    The allegations contained in paragraphs 23 through 27 are asserted on information and belief.

23. In or around January 2024, EDWARD RAMOS III was involved in an intimate relationship with Leah Garcia, a Merced Police Department police officer.

24. The Merced Police Department gang unit conducted a raid at a residence where EDWARD RAMOS III was present.

25. During the raid, EDWARD RAMOS III was located in bed with Leah Garcia.

26. Leah Garcia's phone was searched and communications with EDWARD RAMOS III about certain law enforcement investigations were found.

27. After the raid, EDWARD RAMOS III was identified as a confidential informant or "snitch" for law enforcement which placed him in immediate danger including risk of retaliation by gang members and law enforcement.

### Classification & Overcrowded Housing

28. On or about October 27, 2024, EDWARD RAMOS III was booked as a pretrial detainee into the Merced County Main Jail, 700 W. 22nd Street, Merced, CA 95340, in the custody of Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE.

29. Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE are responsible for taking charge of and keeping county correctional facilities and the inmates in it, and are answerable for the inmates' safekeeping, including pursuant to California law and the Merced County Sheriff's Office Policy Manual and Corrections Policy.

30. Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE are responsible for supervising all aspects of the correctional facilities under their care and for staffing, training, supervising, and developing policies and customs at the correctional facilities related to inmates' safekeeping, including, for example, ensuring that contraband is not permitted to enter correctional facilities; that inmates are properly classified and housed based on an adequate risk/threat assessment; and that inmates are adequately and timely monitored.

31. Defendants OMAR AYALA JR., CLIFFORD TILLEY, and DOE 1 to 20 were responsible for classifying and assigning housing for EDWARD RAMOS III. Defendant OMAR AYALA JR., a custody deputy, was under the supervision of Defendant CLIFFORD TILLEY, a sergeant.

5

32.     On October 31, 2024, around 1:16 p.m., Defendant OMAR AYALA JR. reported conducting a Classification Assessment interview with EDWARD RAMOS III. Around 9:47 p.m., Defendant OMAR AYALA JR. reported that he cleared EDWARD RAMOS III for housing in the "General Population (GP) Active Norteno Cell Settings" and assigned EDWARD RAMOS III in "GP Max 3 Block, Cell 4." Around 10:05 p.m., Defendant OMAR AYALA JR. reported that EDWARD RAMOS III's classification and housing assignment was "Ready For Sgt Review/Approval" by Defendant CLIFFORD TILLEY.

33.     Defendant CLIFFORD TILLEY failed timely to review Defendant OMAR AYALA JR.'s classification and housing assignment for EDWARD RAMOS III. On November 4, 2024, around 9:02 a.m., Defendant CLIFFORD TILLEY reviewed Defendant OMAR AYALA JR.'s classification and housing assignment for EDWARD RAMOS III. At that time, EDWARD RAMOS III was already dead, where he had been killed a day earlier on November 3, 2024, due to Defendant OMAR AYALA JR.'s classification and housing assignment for EDWARD RAMOS III.

34.     Defendants OMAR AYALA JR., CLIFFORD TILLEY, and DOE 1 to 20 knew or should have known that the jail's cellblock is used to house inmates classified as Norteño gang members in overcrowded communal cells with several bunks. Defendant MERCED COUNTY SHERIFF'S OFFICE trains the jail staff that "most incidents in 3 Block are critical [incidents]" because that area of the jail is dangerously overcrowded with violent inmates and overrun with contraband.

35.     EDWARD RAMOS III was associated and identified as an active gang member in law enforcement databases, including databases maintained by Defendant MERCED COUNTY SHERIFF'S OFFICE and accessible to Defendants OMAR AYALA JR., CLIFFORD TILLEY, and DOE 1 to 20.

36.     Defendants OMAR AYALA JR., CLIFFORD TILLEY, and DOE 1 to 20 classified and assigned housing for EDWARD RAMOS III in the jail's general population, including in overcrowded cells with multiple other inmates, without determining whether EDWARD RAMOS III's safety was at risk.

37.     EDWARD RAMOS III was housed in an overcrowded four-man holding cell with at least seven other inmates, including ULISES ALVAREZ MONGE, ANTHONY HUERTA, JAVIER GUARDADO JR., RICARDO GUTIERREZ, OMAR LEOS, Jose Valencia-Zavala, and Lorenzo Saiz.

6

38.    Defendants OMAR AYALA JR., CLIFFORD TILLEY, and DOE 1 to 20 exhibited deliberate indifference to EDWARD RAMOS III's safety and security, where an intentional decision was made with respect to the conditions of his confinement and safety which put EDWARD RAMOS III at substantial risk of suffering serious harm, and reasonable available measures to abate those risks were not taken, including investigating the risks or threats to EDWARD RAMOS III's safety based on the present circumstances; reviewing the files of EDWARD RAMOS III and his cellmates; consulting available sources about EDWARD RAMOS III and his cellmates; classification as a "Special Management Incarcerated Person"; assigning housing for EDWARD RAMOS III in a cell that was not overcrowded; and/or assigning housing for EDWARD RAMOS III without cellmates, and a reasonable official in the circumstances would have appreciated the high degree of risk involved, observed the need for action or intervention, and responded appropriately to EDWARD RAMOS III's safety and security risks including based on the nature of EDWARD RAMOS III's criminal charges, the presence of other inmates with relation to or interest in the outcome of EDWARD RAMOS III's criminal charges, and EDWARD RAMOS III's identification as an informant or "snitch" for law enforcement.

39.    Defendants OMAR AYALA JR., CLIFFORD TILLEY, and DOE 1 to 20's classification and assigning housing for EDWARD RAMOS III failed to utilize appropriate policies, training, standards, and procedures, including in violation of the California Commission on Peace Officer Standards and Training (POST) Learning Domain 31 (Custody), Learning Domain 62 (Case Management and Sources of Information); and Merced County Sheriff's Office Corrections Policy 209 (Incarcerated Person Records), Corrections Policy 500 (Population Management), Corrections Policy 505 (Special Management Incarcerated Persons), Corrections Policy 508 (Inmate Classification), Policy Manual Policy 608 (Informants), Corrections Policy 1100 (Space and Environmental Requirements), Corrections Policy 1103 (Crowding).

### Contraband

40.    Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE's correctional facilities are overrun with contraband including illicit drugs and weapons which are readily available to inmates.

41.    On July 8, 2024, Defendant MERCED COUNTY SHERIFF'S OFFICE reportedly

7

conducted an investigation concluding that ANTHONY HUERTA and his wife, Ciara Huerta, had smuggled narcotics into the Merced County Main Jail. Fox 26 News, *Merced County Sheriff's team cracks down on jail smuggling ring, arrests three* (July 8, 2024), available at: <https://kmph.com/news/local/merced-county-sheriffs-team-cracks-down-on-jail-smuggling-ring-arrests-three>.

42.    ULISES ALVAREZ MONGE, ANTHONY HUERTA, JAVIER GUARDADO JR., RICARDO GUTIERREZ, and OMAR LEOS had access to contraband weapons in the cell they shared with EDWARD RAMOS III. Specifically, two weapons used to kill EDWARD RAMOS III are depicted as follows:

 

43.    Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, and DOE 1 to 20 are responsible for maintaining safe and secure correctional facilities free of contraband which could be harmful to inmates including through proactive measures to screen, locate, and eradicate contraband present in correctional facilities.

44.    Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, and DOE 1 to 20's actions and inactions related to contraband caused ULISES ALVAREZ MONGE, ANTHONY HUERTA, JAVIER GUARDADO JR., RICARDO GUTIERREZ, and OMAR LEOS to obtain access to contraband weapons in the cell they shared with EDWARD RAMOS III.

45.    Defendants DOE 1 to 20 exhibited deliberate indifference to EDWARD RAMOS III's safety and security, where an intentional decision was made with respect to the conditions of his

confinement and safety which put EDWARD RAMOS III at substantial risk of suffering serious harm, and reasonable available measures to abate those risks were not taken including searching all persons for contraband prior to entry into correctional facilities; and/or searching the cell in which EDWARD RAMOS III was housed for contraband, and a reasonable official in the circumstances would have appreciated the high degree of risk involved, observed the need for action or intervention, and responded appropriately to EDWARD RAMOS III's safety and security risks including based on the nature of EDWARD RAMOS III's criminal charges, the presence of other inmates with relation to or interest in the outcome of EDWARD RAMOS III's criminal charges, and EDWARD RAMOS III's identification as an informant or "snitch" for law enforcement.

46.    Defendants DOE 1 to 20's inaction in locating and confiscating contraband failed to utilize appropriate policies, training, standards, and procedures, including in violation of the California Commission on Peace Officer Standards and Training (POST) Learning Domain 31 (Custody); and Merced County Sheriff's Office Agency Procedure Manual Policy 514 (Searches), Corrections Policy 602 (Supervision of Incarcerated Persons).

**Monitoring**

47.    EDWARD RAMOS III, ULISES ALVAREZ MONGE, ANTHONY HUERTA, JAVIER GUARDADO JR., RICARDO GUTIERREZ, OMAR LEOS, and MEMPHIS BACA were housed in a cell which was monitored by a surveillance camera and closed-circuit television (CCTV) surveillance system which provided a live video feed to a jail control/security room.

48.    On November 3, 2025, Defendants JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20 were responsible for supervising EDWARD RAMOS III and the inmates in his cell, including monitoring the CCTV video feed and/or conducting timely direct-view safety checks of inmates in the cell. Defendant GUSTAVO OCHOA, a control officer, and Defendant CAROLYN STRONG, a security systems operator, were responsible for monitoring the CCTV video feed; Defendants JAYCOB FREITAS and HECTOR LAZARO, custodial deputies, were the assigned block deputies responsible for monitoring the CCTV video feed and conducting timely direct-view safety checks of inmates in the cell; Defendant GLENN PETERSON, a custodial deputy, was responsible for conducting timely direct-view safety

9

checks of inmates in the cell; and Defendant JOSE RIOS, a correctional sergeant, was responsible for supervising Defendants GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20.

49.    ULISES ALVAREZ MONGE, ANTHONY HUERTA, JAVIER GUARDADO JR., RICARDO GUTIERREZ, OMAR LEOS, and MEMPHIS BACA conspired and coordinated to kill EDWARD RAMOS III, including because EDWARD RAMOS III had been identified as a confidential informant or "snitch" for law enforcement.

50.    ULISES ALVAREZ MONGE, ANTHONY HUERTA, JAVIER GUARDADO JR., RICARDO GUTIERREZ, and/or OMAR LEOS wedged water bottles and cups through the bars of the cell to block the view of the surveillance camera and prevent the cell door from sliding open. Specifically, the bottles and cups in cell are depicted as follows:



51.    Defendant MERCED COUNTY SHERIFF'S OFFICE trains the jail staff that inmates' placement of items on the cell bars to obscure the view of the surveillance camera and block the opening of the cell door is forbidden and a "tactic" utilized by inmates to "obstruct" the surveillance camera's view into a cell and to "delay" and "prevent deputies from entering" a cell.

52.    Around 2:49 p.m. and 2:50 p.m., Defendant GLENN PETERSON conducted a direct-view safety check, including in 3 Block, Cell 4. Defendant GLENN PETERSON observed at least 12

10

bottles and cups wedged into the bars of the cell which obstructed the surveillance camera's view into the cell.

53.    Around 2:50 p.m., immediately after Defendant GLENN PETERSON exited 3 Block, ULISES ALVAREZ MONGE placed at least five more bottles on the bars of the cell, which further obscured the surveillance camera's view into the cell. Specifically, the bottles and cups in cell are depicted as follows:



54.    Around 2:51 p.m., ULISES ALVAREZ MONGE used the television remote control to increase the volume of the television inside of the cell. Defendant MERCED COUNTY SHERIFF'S OFFICE trains the jail staff that inmates' increasing volume on a television set is one of the "tactics" used by inmates "to conceal criminal acts" because the increased television volume will "washout other sounds."

55.    Around 2:51 p.m., ULISES ALVAREZ MONGE entered the cell's toilet area, which was behind a curtain and concealed from the surveillance camera's view.

56.    Around 2:53 p.m., EDWARD RAMOS III walked from the bunk area to the table, along with ANTHONY HUERTA and RICARDO GUTIERREZ.

57.    JAVIER GUARDADO JR. stood against the cell bars directly in front of the surveillance camera's view and further obscuring the view of the cell.

58.    EDWARD RAMOS III sat at the table and spoke to OMAR LEOS.

11

59.    ANTHONY HUERTA walked to the toilet area, behind the curtain and where ULISES ALVAREZ MONGE had previously hidden.

60.    EDWARD RAMOS III stood up from the table area walked towards the toilet area where ULISES ALVAREZ MONGE and ANTHONY HUERTA were hidden.

61.    EDWARD RAMOS III disappeared from the surveillance camera's view when he walked behind the curtain covering the toilet.

62.    OMAR LEOS stood up from the table, walked to the bunk area, placed a mirror on the cell bars, and remained standing in the area watching for the jail staff's presence and serving as a "look out." Defendant MERCED COUNTY SHERIFF'S OFFICE trains the jail staff that inmates' placement of mirrors on the rails and bars of a cell facilitates a better view of the jail and permits notice of when the jail staff are approaching.

63.    ULISES ALVAREZ MONGE and ANTHONY HUERTA ambushed and assaulted EDWARD RAMOS III, including stabbing him at least 212 times with contraband weapons, in the toilet area behind the curtain.

64.    ULISES ALVAREZ MONGE and ANTHONY HUERTA's attack on EDWARD RAMOS III was detected on the CCTV video feed where the toilet area's curtain was moving in a manner consistent with signs of a struggle for approximately five minutes and, after the struggle ended, EDWARD RAMOS III's foot was protruding from behind the toilet curtain and blood was visible on the cell wall.

65.    Around 2:58 p.m., ANTHONY HUERTA left the toilet area without a shirt, entered the shower area next to the toilet area, and then exited the shower with only a towel several minutes later.

66.    Around 3:02 p.m., ULISES ALVAREZ MONGE left the toilet area without a shirt and entered the shower area.

67.    RICARDO GUTIERREZ began cleaning the area around the toilet, shower, and table and provided a clean set of clothes to ULISES ALVAREZ MONGE and ANTHONY HUERTA after they exited the shower area.

68.    RICARDO GUTIERREZ walked to the corner of the cell, reached through the cell bars, and handed the contraband weapons used by ULISES ALVAREZ MONGE and ANTHONY HUERTA

12

to MEMPHIS BACA, an inmate in the neighboring cell, 3 Block, Cell 5.

69.    MEMPHIS BACA received the contraband weapons from RICARDO GUTIERREZ, walk to the toilet area in cell 5, and disposed of the contraband weapons by flushing them down the toilet. (The contraband weapons were later recovered from the jail's sewer drain.)

70.    Around 3:15 p.m. and 3:16 p.m., Defendant JAYCOB FREITAS walked by the cell and observed at least 15 bottles and cups wedged into the bars of the cell which obstructed the surveillance camera's view into the cell, and that the cell was in disarray including ULISES ALVAREZ MONGE and ANTHONY HUERTA's discarded clothing sitting on the table.

71.    Around 3:18 p.m., OMAR LEOS entered the shower area and discarded multiple articles of ULISES ALVAREZ MONGE and ANTHONY HUERTA's bloody clothing.

72.    Defendants JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20 failed to supervise the inmates in the cell, including by failing timely to observe, detect, and intervene in suspicious activity and safety risks while ULISES ALVAREZ MONGE, ANTHONY HUERTA, JAVIER GUARDADO JR., RICARDO GUTIERREZ, and OMAR LEOS carried out the coordinated stabbing of EDWARD RAMOS III.

73.    Defendants JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20 exhibited deliberate indifference to EDWARD RAMOS III's safety and security, where intentional decisions were made with respect to the conditions of his confinement and safety which put EDWARD RAMOS III at substantial risk of suffering serious harm, and reasonable available measures to abate those risks were not taken, including conducting safety checks of cells sufficient to observe and respond to safety risks and suspicious activity; monitoring cells sufficient to observe and respond to safety risks and suspicious activity; and/or observing and responding to safety risks and suspicious activity once detected, and a reasonable official in the circumstances would have appreciated the high degree of risk involved, observed the need for action or intervention, and responded appropriately to EDWARD RAMOS III's safety and security risks including based on suspicious activity.

74.    Defendants JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN

13

PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20's inaction in monitoring and responding to suspicious activity occurring in the cell failed to utilize appropriate policies, training, standards, and procedures, including in violation of the California Commission on Peace Officer Standards and Training (POST) Learning Domain 31 (Custody); and Merced County Sheriff's Office Corrections Policy 224 (Staffing Plan), Corrections Policy 500 (Population Management), Corrections Policy 504 (Safety Checks), Corrections Policy 1100 (Space and Environmental Requirements), Corrections Policy 1102 (Control Center), Corrections Policy 1103 (Crowding).

**Response**

75.     Around 3:43 p.m., Defendant JAYCOB FREITAS conducted a direct-view safety check, including in 3 Block, Cell 4. Defendant JAYCOB FREITAS observed at least 15 bottles and cups wedged into the bars of the cell which obstructed the surveillance camera's view into the cell. During a second walkthrough, Defendant JAYCOB FREITAS observed EDWARD RAMOS III's foot protruding from behind the toilet curtain and blood on the cell wall.

76.     Defendant JAYCOB FREITAS twice radioed for custodial deputies to respond to the scene, pointed a taser at the inmates in the cell, and ordered the inmates to get down on the ground.

77.     Eventually, Defendants JOSE RIOS, GUSTAVO OCHOA, and HECTOR LAZARO and fellow custodial deputies Isaiah Zuniga, Joel Britton, Roman Granado, Raymond Flores, Edgar Gutierrez, and Chad Stanford arrived at the scene.

78.     When the custodial deputies arrived, they attempted to open the cell door but were unable to do so because the cell door was blocked by bottles and cups wedged between the cell bars. Defendants JAYCOB FREITAS and GUSTAVO OCHOA removed some bottles from the cell bars but were still unable to open the cell door. Roman Granado was able to open the cell door by manually prying it open.

79.     One-by-one, the inmates were removed from the cell, handcuffed, searched for weapons, and escorted from the area. During this time, the custodial deputies did not check on or determine whether EDWARD RAMOS III required immediate medical assistance.

80.     Around 3:47 p.m., once all inmates other than EDWARD RAMOS III had been removed from the cell, the custodial deputies approached the toilet area and found EDWARD RAMOS III on the ground. The custodial deputies dragged EDWARD RAMOS III along the ground, from the toilet area,

14

through the cell, to the hallway outside of the cell. EDWARD RAMOS III's body left a large blood trail as it was dragged along the ground by the custodial deputies.

81. Around 3:48 p.m., a medical staff member began providing care for EDWARD RAMOS III. Eventually,

82. Around 3:52 p.m., Riggs Ambulance Service responded to the scene and took-over EDWARD RAMOS III's care from the medical staff.

83. At 4:01 p.m., EDWARD RAMOS III was pronounced dead at the scene.

**Post-Incident**

84. On November 8, 2024, EDWARD RAMOS III's cause of death was reported as "multiple stab wounds."

85. On November 21, 2024, ULISES ALVAREZ MONGE and ANTHONY HUERTA were charged with felony murder; ULISES ALVAREZ MONGE, ANTHONY HUERTA, JAVIER GUARDADO JR., RICARDO GUTIERREZ, and OMAR LEOS were charged with felony conspiracy to commit a crime and street terrorism; and MEMPHIS BACA was charged with felony street terrorism and accessory after-the-fact, related to the death of EDWARD RAMOS III. Merced County Superior Court, Case No. 24CR-05679A, 24CR-05679B, 24CR-05679C, 24CR-05679D, 24CR-05679E, 24CR-05679F.

86. On January 16, 2025, Defendant MERCED COUNTY SHERIFF'S OFFICE internal affairs investigator Jason Goins issued an In-Custody Death report related to EDWARD RAMOS III. IA2024-015. Therein, Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE concluded: "An administrative review determined that jail staff acted in compliance with Merced County Sheriff's Office policies and state regulations. . . . There were no identified policy violations by correctional staff. * * * A review of this in-custody death revealed no policy violations. Correctional staff acted in accordance with the Merced County Sheriff's Office policies and BSCC guidelines."

**POLICY / CUSTOM ALLEGATIONS**

87. Defendant VERNON WARNKE, in his capacity as Sheriff, is and was a final policymaking authority for Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, including as it relates to the maintenance and operation of jail and detention facilities; training,

15

supervision, and discipline of staff acting under his command; and the safety and security of inmates in his custody. *See* Cal. Const. Art. XI § 1(b); Cal. Pen. Code § 4000; Cal. Pen. Code § 4006; Cal. Gov. Code § 26605; Cal. Gov. Code § 26610. Defendant VERNON WARNKE has been employed by Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE since 1979, including in supervisory and policymaking capacities since at least 1997. Defendant VERNON WARNKE has served as Sheriff since December 2014.

88.     Classification / Housing: Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE maintain inadequate policies and customs relating to the classification and housing assignment of inmates including through inadequate consideration of information and risk factors. For example:

(a)     On May 11, 2025, 43-year-old man Steven Ayala, a mentally ill inmate in the John Latorraca Correctional Facility with a documented history of suicide risk, died by suicide including asphyxia by hanging. Ayala was inadequately classified and housed by jail personnel, resulting in death.

(b)     On March 15, 2025, a 47-year-old male inmate housed in the Merced County Main Jail reportedly died by suicide including asphyxia by hanging. Merced County Sheriff's Office Incident #2025-001. On information and belief, the inmate was inadequately classified and housed by jail personnel, resulting in death.

(c)     On April 18, 2024, a 42-year-old male inmate was housed in the Merced County Main Jail reportedly died by suicide including asphyxia by hanging. Merced County Sheriff's Office Incident #2024-001. On information and belief, the inmate was inadequately classified and housed by jail personnel, resulting in death.

(d)     On May 25, 2023, 28-year-old Tomi Kartchner was housed in the John Latorraca Correctional Center and was permitted to hang herself in a jail cell. On May 19, 2023, jail staff placed Tomi Kartchner on suicide watch for express suicidal ideation and history. Less than one day later, Tomi Kartchner was removed from suicide watch and placed in a cell with the ability and lack of supervision necessary to self-harm. Tomi Kartchner was inadequately classified and housed by jail personnel, resulting in death. A civil rights lawsuit was filed. *Estate of Kartchner v. County of Merced*, No. 1:23-cv-01672-KES-SKO (E.D. Cal.). The case remains pending.

16

(e)    On October 19, 2022, 21-year-old Jacob Apodaca was housed in the Merced County Main Jail with at least six other inmates, including Encarncion Salinas and Mario Smith Jr. Jacob Apodaca was attacked and murdered by Encarncion Salinas and Mario Smith Jr. inside of the cell, over the course of approximately 10 minutes, where Jacob Apodaca sustained more than 150 stab wounds and was repeatedly stomped. Jacob Apodaca was inadequately classified and housed by jail personnel, resulting in death. A civil rights lawsuit was filed. *Estate of Apodaca v. County of Merced*, No. 1:23-cv-00171-JLT-SAB (E.D. Cal.). The case was settled pre-trial for $2,950,000.

(f)    On March 23, 2019, 39-year-old Rene Snider was housed in the Merced County Main Jail and was permitted to hang herself in a jail cell. Rene Snider was inadequately classified and housed by jail personnel, resulting in death. A civil rights lawsuit was filed. *D.M. v. County of Merced*, No. 1:20-cv-00409-JLT-SAB (E.D. Cal.). The case was settled pre-trial.

(g)    On August 14, 2018, Defendant VERNON WARNKE informed Defendant COUNTY OF MERCED's Board of Supervisors that, despite inadequate staffing at Defendant MERCED COUNTY SHERIFF'S OFFICE's correctional facilities: "We will make room at the inn for whoever needs it." <https://livestream.com/accounts/21193189/events/8017913/videos/178927918>; *see also* ProPublica, *Deadly Delays in Jail Construction Cost Lives and Dollars Across California* (July 17, 2019), available at: <https://www.propublica.org/article/deadly-delays-in-jail-construction-cost-lives-and-dollars-across-california>.

(h)    On June 17, 2018, 20-year-old Fabian Cardoza was housed in the Merced County Main Jail when he was killed in the shower. ProPublica, *Deadly Delays in Jail Construction Cost Lives and Dollars Across California* (July 17, 2019), available at: <https://www.propublica.org/article/deadly-delays-in-jail-construction-cost-lives-and-dollars-across-california>; *see also* <https://www.documentcloud.org/documents/5976132-Cardoza-18-29240.html#document/p14/a499625>. On information and belief, Fabian Cardoza was inadequately classified and housed by jail personnel, resulting in death.

(i)    On June 11, 2017, 31-year-old Aaron Bonilla was housed in the Merced County Main Jail with at least three other inmates, including Steven Rincon, Reyes Carrillo, and Alfonso Martinez. Aaron Bonilla was attacked and murdered by Steven Rincon, Reyes Carrillo, and Alfonso

17

Martinez inside of the cell, over the course of approximately 12 minutes, where Aaron Bonilla was beaten to death. Aaron Bonilla was inadequately classified and housed by jail personnel, resulting in death. A civil rights lawsuit was filed. *Estate of Bonilla v. County of Merced*, No. 1:18-cv-00329-DAD-SKO (E.D. Cal.). The case was settled pre-trial.

(j)    On September 19, 2015, 29-year-old Alejandro Vega was housed in the Merced County Main Jail where he was beaten to brain-death. ProPublica, *Deadly Delays in Jail Construction Cost Lives and Dollars Across California* (July 17, 2019), available at: <https://www.propublica.org/article/deadly-delays-in-jail-construction-cost-lives-and-dollars-across-california>; *see also* <https://www.documentcloud.org/documents/6188401-Vega-autopsy-Merced.html>. On information and belief, Alejandro Vega was inadequately classified and housed by jail personnel, resulting in death.

(k)    On December 15, 2014, 27-year-old Richard Ramirez was housed in the Merced County Main Jail and was permitted to hang himself in a jail cell. Richard Ramirez was awaiting court-ordered mental health treatment at a state hospital when he was removed from a safety cell, placed in a segregated cell, and permitted to commit suicide by hanging. Richard Ramirez was inadequately classified and housed by jail personnel, resulting in death. A civil rights lawsuit was filed. *Atayde v. Napa State Hospital*, No. 1:16-cv-00398-KES-SAB (E.D. Cal.). The case was settled pre-trial.

89.    <u>Contraband</u>: Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE are aware of and permit contraband entering and remaining within correctional facilities including by way of inmates, employees, and/or contractors. Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE do not maintain adequate policies and customs requiring that inmates, employees, and contractors be thoroughly searched prior to entering correctional facilities causing contraband frequently to enter correctional facilities without detection or confiscation. For example:

(a)    On July 8, 2024, it was reported that three persons, including Elizabeth Carpenter, a jail contractor; ANTHONY HUERTA, one of EDWARD RAMOS III's cellmates who stabbed him to death; and Ciara Marlene Huerta, ANTHONY HUERTA's wife, "were arrested for conspiracy, smuggling, and possession of narcotics within the jail." Fox 26 News, *Merced County Sheriff's team*

18

*cracks down on jail smuggling ring, arrests three* (July 8, 2024), available at: <https://kmph.com/news/local/merced-county-sheriffs-team-cracks-down-on-jail-smuggling-ring-arrests-three>.

(b)    On April 20, 2023, 31-year-old Derek Valentine died by overdose at the John Latorraca Correctional Center. Derek Valentine was visible on jail surveillance video feed obtaining, passing, and ingesting illicit drugs, without detection or intervention by jail personnel. A jail nurse responding to Derek Valentine's unconsciousness commented that this was another overdose at the jail, where at least two other overdoses had occurred earlier that month. Derek Valentine's death was caused by the presence of contraband in the jail. A civil rights lawsuit was filed. *Estate of Valentine v. County of Merced*, No. 1:23-cv-01697-JLT-SAB (E.D. Cal.). The case remains pending.

(c)    On October 19, 2022, 21-year-old Jacob Apodaca was housed in the Merced County Main Jail with at least six other inmates, including Encarncion Salinas and Mario Smith Jr. Jacob Apodaca was attacked and murdered by Encarncion Salinas and Mario Smith Jr. inside of the cell, over the course of approximately 10 minutes, where Jacob Apodaca sustained more than 150 stab wounds and was repeatedly stomped. Jacob Apodaca's death was caused by the presence of contraband in the jail. A civil rights lawsuit was filed. *Estate of Apodaca v. County of Merced*, No. 1:23-cv-00171-JLT-SAB (E.D. Cal.). The case was settled pre-trial for $2,950,000.

(d)    On April 18, 2022, it was reported that "[f]ive people have been charged for their alleged involvement in smuggling drugs into the John Latorraca Correctional Facility," after "routine searches at the facility" by a police canine "caught the scent of narcotics on four inmates, Raymond Loewen, Bart Smith, Daiquan Kelly, and Carlton Tolbert." Your Central Valley, *5 arrested in drug-smuggling scheme at Merced County jail, deputies say* (Apr. 18, 2022), available at: <https://www.yourcentralvalley.com/news/local-news/5-arrested-in-drug-smuggling-scheme-at-merced-county-jail-deputies-say/>.

(e)    On January 9, 2021, six inmates escaped from the Merced County Main Jail but jail personnel failed to discover that the inmates had escaped until the following day, more than eight hours after the inmates escaped. An internal affairs investigation found a "multitude of different correctional staff members" contributed to the inmates' escape, where "head counts, security checks, and

19

daily tasks by Correctional Officers were not being completed." Instead, "while the escape was occurring correctional staff were present in the control room playing a game" and "correctional staff were frequently in the control room playing cards, playing 'corn hole', betting on the games, exchanging money, removing their uniforms, and watching movies on the computer," rather than carrying out their duties, including monitoring inmates. The inmates' escape was caused by the presence of contraband in the jail which preoccupied jail personnel while the escape occurred. Merced County Sheriff's Office IA #2021-001. Defendants MERCED COUNTY SHERIFF'S OFFICE and VERNON WARNKE failed adequately to discipline or terminate any of the involved jail personnel following the investigation.

(f)    On June 11, 2017, 31-year-old Aaron Bonilla was housed in the Merced County Main Jail with at least three other inmates, including Steven Rincon, Reyes Carrillo, and Alfonso Martinez. Aaron Bonilla was attacked and murdered by Steven Rincon, Reyes Carrillo, and Alfonso Martinez inside of the cell, over the course of approximately 12 minutes, where Aaron Bonilla was beaten to death. Aaron Bonilla's death followed his refusal to smuggle drugs into the jail at the demand of other inmates. A civil rights lawsuit was filed. *Estate of Bonilla v. County of Merced*, No. 1:18-cv-00329-DAD-SKO (E.D. Cal.). The case was settled pre-trial.

90.    Monitoring / Supervision: Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE maintained deficient policies and customs related to the monitoring and supervision of inmates including staffing correctional facilities with sufficient personnel to monitor overcrowded cells and obligating personnel to observe inmates where possible through CCTV video feed and timely safety checks. For example:

(a)    On November 28, 2023, Defendant VERNON WARNKE informed Defendant COUNTY OF MERCED's Board of Supervisors that Defendant MERCED COUNTY SHERIFF'S OFFICE correctional facilities are habitually understaffed including stating: "We're down 30 positions in corrections, with more putting in for other agencies. . . . Correctional officers: 30 CO vacancies down. We're 28% in staffing, out of 108 positions. . . . With our jail construction, we have closed two dormitories due to lack of staff, which is assisting in the re-model. It's just nature of the beast, we have to do it. Due to lack of staffing, correctional officers are working three 16-hour shifts a week. It's mandatory, they don't have a choice. No other agency in this county has to do that, or will do that. . . .

20

The state of the Sheriff's Office is dire."

<https://www.facebook.com/MercedSheriffOffice/videos/884305920066178/?extid=CL-UNK-UNK-UNK-IOS_GK0T-GK1C&mibextid=cr9u03>; *see also* <https://www.countyofmerced.com/3919/Board-Archive-2023>.

(b)    On August 30, 2023, Defendant VERNON WARNKE and undersheriff Corey Gibson acknowledged that Defendant COUNTY OF MERCED's actions and inactions ensure that Defendant MERCED COUNTY SHERIFF'S OFFICE's correctional facilities are habitually understaffed including stating: "As you know, sheriff, we've had some struggles currently with our staffing, both in corrections and operations. Currently, we have 108 allotted positions through the county for custodial staff. And out of those 108, we currently have 33 vacancies. Even to make it worse, out of those, for people currently employed, we have 10 that are still in training and aren't able to work line as a solo officer. So, we're still working through those struggles. . . . I'm very proud of the personnel that we do have, busting their butts. Especially our correctional staff is doing 16-hour days, three and four days a week." <https://youtu.be/1DAqNHFOKoE?si=KMwLWr6MqMxseq1k>.

(c)    On May 25, 2023, 28-year-old Tomi Kartchner was housed in the John Latorraca Correctional Center and was permitted to hang herself in a jail cell. On May 19, 2023, jail staff placed Tomi Kartchner on suicide watch for express suicidal ideation and history. Less than one day later, Tomi Kartchner was removed from suicide watch and placed in a cell with the ability and lack of supervision necessary to self-harm. During a "safety check," correctional officer Colin Foutch failed to look into Tomi Kartchner's cell while she was attempting suicide. Tomi Kartchner's hanging body was not discovered until more than an hour later, during the next untimely "safety check." Tomi Kartchner was inadequately monitored and supervised by jail personnel, resulting in death. Defendant VERNON WARNKE declined to impose discipline as a result of the inadequate monitoring. A civil rights lawsuit was filed. *Estate of Kartchner v. County of Merced*, No. 1:23-cv-01672-KES-SKO (E.D. Cal.). The case remains pending.

(d)    On April 20, 2023, 31-year-old Derek Valentine died by overdose at the John Latorraca Correctional Center. Derek Valentine obtained and ingested fentanyl within the facility, while visible on the jail's surveillance video feed. Derek Valentine began to suffer from seizure-like symptoms.

The jail personnel failed to detect Derek Valentine's medical emergency, and only learned of an immediate medical need when an inmate informed jail personnel. Derek Valentine died as a result of the jail personnel's failure timely to detect Derek Valentine's access to and ingestion of drugs and medical emergency. A civil rights lawsuit was filed. *Estate of Valentine v. County of Merced*, No. 1:23-cv-01697-JLT-SAB (E.D. Cal.). The case remains pending.

(e)    On October 19, 2022, 21-year-old Jacob Apodaca was housed in the Merced County Main Jail with at least six other inmates, including Encarncion Salinas and Mario Smith Jr. Jacob Apodaca was attacked and murdered by Encarncion Salinas and Mario Smith Jr. inside of the cell, over the course of approximately 10 minutes, where Jacob Apodaca sustained more than 150 stab wounds and was repeatedly stomped. The entire attack was visible on the surveillance system but n jail personnel were monitoring the video feed or detected the attack while it was in progress. The on-duty jail personnel, including sergeant Soto and deputy John Wibright, abandoned their posts and responsibilities to monitor and supervise inmates, including during the attack on Jacob Apodaca, to attend a jail-sanctioned briefing for jail personnel. Criminal proceedings in the subsequent murder case revealed that jail personnel routinely abandoned their posts and fail to supervise inmates for up to two hours-per-day, including in violation of California Code of Regulations title 15 § 1027.5. 46 minutes after the attack ended, Jacob Apodaca's body was discovered in the corner of the cell during a routine cell-check by jail staff. In the subsequent in-custody death investigation/review, captain Jeff Coburn concluded: "In review of the documentation and video evidence, I was unable to identify any policy or procedure violations by Correctional staff." Merced County Sheriff's Office IA #2022-016. Defendant VERNON WARNKE ratified the findings and conclusion of the investigation. A civil rights lawsuit was filed. *Estate of Apodaca v. County of Merced*, No. 1:23-cv-00171-JLT-SAB (E.D. Cal.). The case was settled pre-trial for $2,950,000.

(f)    On January 9, 2021, six inmates escaped from the Merced County Main Jail but jail personnel failed to discover that the inmates had escaped until the following day, more than eight hours after the inmates escaped. An internal investigation found a "multitude of different correctional staff members" contributed to the inmates' escape including where "head counts, security checks, and daily tasks by Correctional Officers were not being completed." Instead, "while the escape was occurring

22

correctional staff were present in the control room playing a game" and "correctional staff were frequently in the control room playing cards, playing 'corn hole', betting on the games, exchanging money, removing their uniforms, and watching movies on the computer," rather than carrying out their duties, including monitoring inmates. Merced County Sheriff's Office IA #2021-001. Defendant VERNON WARNKE refused adequately to discipline or terminate any of the involved jail staff.

(g)     On March 23, 2019, 39-year-old Rene Snider was housed in the Merced County Main Jail and was permitted to hang herself in a jail cell. Correctional officer Adriana Castaneda failed to conduct a cell-check on jail inmates, including Rene Snider, for one hour, 22 minutes, and 33 seconds. Adriana Castaneda became "distracted" and engaged in a non-substantive conversation with a fellow correctional officer for 46 minutes, during which time Rene Snider died. An internal investigation "sustained" violations of policy against Adriana Castaneda for failure timely to conduct cell-checks but refused to impose any discipline. Merced County Sheriff's Office IA #2019-004. A civil rights lawsuit was filed. *D.M. v. County of Merced*, No. 1:20-cv-00409-JLT-SAB (E.D. Cal.). The case was settled pre-trial.

(h)     On August 14, 2018, Defendant VERNON WARNKE informed Defendant COUNTY OF MERCED's Board of Supervisors that inadequate staffing at Defendant MERCED COUNTY SHERIFF'S OFFICE's correctional facilities would not prevent his decision to incarcerate inmates including stating: "We will make room at the inn for whoever needs it." <https://livestream.com/accounts/21193189/events/8017913/videos/178927918>; *see also* ProPublica, *Deadly Delays in Jail Construction Cost Lives and Dollars Across California* (July 17, 2019), available at: <https://www.propublica.org/article/deadly-delays-in-jail-construction-cost-lives-and-dollars-across-california>.

(i)     On June 17, 2018, 20-year-old Fabian Cardoza was housed in the Merced County Main Jail when he was killed in the shower. Fabian Cardoza was cornered and attacked by two inmates, including Santiago Martinez. The attackers choked Fabian Cardoza to death, then carried his lifeless body back to his cell. 24 hours passed without the attack being detected by jail personnel. The following day, a jail guard went to Fabian Cardoza's cell for his court hearing and found his body. The entire attack was video-recorded on the surveillance system but no jail personnel were monitoring the video feed or

23

detected the attack while it was in progress or after it occurred. "More than a year later, the sheriff's office still has not acknowledged that the jail staff overlooked a corpse in a cell bed for more than a day. Merced County Sheriff Verne Warnke declined to answer reporters' questions for this story, but he has blamed low staffing levels for jail violence." ProPublica, *Deadly Delays in Jail Construction Cost Lives and Dollars Across California* (July 17, 2019), available at: <https://www.propublica.org/article/deadly-delays-in-jail-construction-cost-lives-and-dollars-across-california>; *see also* <https://www.documentcloud.org/documents/5976132-Cardoza-18-29240.html#document/p14/a499625>.

(j)    On June 11, 2017, 31-year-old Aaron Bonilla was housed in the Merced County Main Jail with at least three other inmates, including Steven Rincon, Reyes Carrillo, and Alfonso Martinez. Aaron Bonilla was attacked and murdered by Steven Rincon, Reyes Carrillo, and Alfonso Martinez inside of the cell, over the course of approximately 12 minutes, where Aaron Bonilla was beaten to death. The attack was not detected by jail personnel and was discovered only when other inmates alerted jail personnel. ProPublica, *Deadly Delays in Jail Construction Cost Lives and Dollars Across California* (July 17, 2019), available at: <https://www.propublica.org/article/deadly-delays-in-jail-construction-cost-lives-and-dollars-across-california>. Defendant VERNON WARNKE admitted that the jail was understaffed including stating: "Realistically we're 10 or 12 down in our corrections." ABC 30, *Sheriff calling for better funding after Inmate dies after assault at Merced County Jail* (June 27, 2017), available at: <https://abc30.com/los-banos-inmate-merced-county-jail-dead/2156587/>. Prior to the attack, Defendant VERNON WARNKE also stated: "Our staffing levels are low, and don't think for a minute those inmates don't know it." Merced Sun-Star, *Central Valley Family of inmate beaten to death in Merced jail files $2 million lawsuit* (Mar. 14, 2018), available at: <http://www.mercedsunstar.com/news/local/central-valley/article205184219.html>. A civil rights lawsuit was filed. *Estate of Bonilla v. County of Merced*, No. 1:18-cv-00329-DAD-SKO (E.D. Cal.). The case was settled pre-trial.

(k)    On September 19, 2015, 29-year-old Alejandro Vega was housed in the Merced County Main Jail when he was beaten to brain-death. Jail personnel failed to detect the attack while it was in progress. ProPublica, *Deadly Delays in Jail Construction Cost Lives and Dollars Across*

*California* (July 17, 2019), available at: <https://www.propublica.org/article/deadly-delays-in-jail-construction-cost-lives-and-dollars-across-california>; *see also* <https://www.documentcloud.org/documents/6188401-Vega-autopsy-Merced.html>. Alejandro Vega died as a result of the jail personnel's failure timely to detect the assault.

(l)     On December 15, 2014, 27-year-old Richard Ramirez was housed in the Merced County Main Jail and was permitted to hang himself in a jail cell. Richard Ramirez was awaiting court-ordered mental health treatment at a state hospital when he was removed from a safety cell, placed in a segregated cell, and permitted to commit suicide by hanging. Richard Ramirez died as a result of the jail personnel's failure timely to detect his attempted suicide. A civil rights lawsuit was filed. *Atayde v. Napa State Hospital*, No. 1:16-cv-00398-KES-SAB (E.D. Cal.). The case was settled pre-trial.

91.     <u>Standards</u>: Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE's practices and customs are inconsistent with state law, applicable industry standards, and their own policies and procedures including:

(a)     California Code of Regulations title 15 § 1027 (Number of Personnel), § 1027.5 (Safety Checks), § 1050 (Classification Plan), § 1053 (Administrative Separation).

(b)     California Commission on Peace Officer Standards and Training (POST) Learning Domain 31 (Custody), Learning Domain 62 (Case Management and Sources of Information). Merced County Sheriff's Office Agency Procedure Manual Policy 514 (Searches), Policy Manual Policy 608 (Informants), Corrections Policy 209 (Incarcerated Person Records), Corrections Policy 224 (Staffing Plan), Corrections Policy 500 (Population Management), Corrections Policy 504 (Safety Checks), Corrections Policy 505 (Special Management Incarcerated Persons), Corrections Policy 508 (Inmate Classification), Corrections Policy 602 (Supervision of Incarcerated Persons), Corrections Policy 1100 (Space and Environmental Requirements), Corrections Policy 1102 (Control Center), Corrections Policy 1103 (Crowding).

92.     <u>Ratification</u>: Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE knew or should have known that Defendants VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20's actions and

25

inactions were unlawful, resulting in the death of EDWARD RAMOS III. Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE ratified Defendants VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20's actions and inactions, including by issuing an inadequately-investigated In-Custody Death, IA2024-015, which concluded: "An administrative review determined that jail staff acted in compliance with Merced County Sheriff's Office policies and state regulations. . . . There were no identified policy violations by correctional staff. * * * A review of this in-custody death revealed no policy violations. Correctional staff acted in accordance with the Merced County Sheriff's Office policies and BSCC guidelines." Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE's ratification sent a message to the jail staff that deliberate indifference, negligence, and misconduct were permissible and compliant with Defendant MERCED COUNTY SHERIFF'S OFFICE's pre-existing policies, training, and procedures.

93.     Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE did not meaningfully discipline, re-train, correct, or otherwise penalize correctional personnel involved in critical incidents where preventable injuries or deaths were sustained by inmates, including those incidents described above. Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE's routine failure to hold correctional personnel accountable has created, facilitated, and encouraged an environment where personnel believe they can "get away with anything."

94.     Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE were or should have been on notice regarding the need to discontinue, modify, or implement new and different versions of the deficient policies or customs because the inadequacies and deficiencies were so obvious and likely to result in the violation of rights of persons, including the death of EDWARD RAMOS III.

95.     Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE's inadequate policies, customs, training, supervision, and control of personnel, correctional facilities, and inmates under their care was a moving force behind and contributed to the

26

injuries and death of EDWARD RAMOS III.

## FIRST CLAIM

### Deliberate Indifference

### (U.S. Const. Amend. XIV; 42 U.S.C. § 1983)

96.     Plaintiff ESTATE OF EDWARD RAMOS III (pursuant to California Code of Civil Procedure § 377.30) asserts this Claim against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20.

97.     The allegations of the preceding paragraphs 1 to 95 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

98.     *Individual Liability*: Defendants CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20 exhibited deliberate indifference to EDWARD RAMOS III's safety and security, including by inadequately classifying, housing, eradicating contraband, supervising, and monitoring EDWARD RAMOS III and his cellmates, in violation of the Fourteenth Amendment to the United States Constitution.

99.     *Municipal / Supervisory Liability*: Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE maintained policies or customs of action and inaction and knew or should have known that officials under their command were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy, in violation of the Fourteenth Amendment to the United States Constitution.

100.     Defendants VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

101.     EDWARD RAMOS III was injured as a direct and proximate result of Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE,

27

CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF EDWARD RAMOS III to receive compensatory (survival) and nominal damages against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20; and punitive damages against Defendants VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF EDWARD RAMOS III prays for relief as hereunder appears.

## SECOND CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const. Amend. XIV; 42 U.S.C. § 1983)

102.    Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR. assert this Claim against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20.

103.    The allegations of the preceding paragraphs 1 to 101 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

104.    Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR. shared a close relationship and special bond with EDWARD RAMOS III, their biological child, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close familial relationship. Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR. frequently visited or spoke with EDWARD RAMOS III.

105.    *Municipal / Supervisory / Individual Liability*: Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON,

28

JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20 caused termination of and interference with Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR.'s familial relationship with EDWARD RAMOS III, including by exhibiting deliberate indifference to EDWARD RAMOS III's safety and security, in violation of the Fourteenth Amendment to the United States Constitution.

106.    Defendants VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

107.    Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR. were injured as a direct and proximate result of Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20's actions and inactions, entitling them to receive compensatory (wrongful death) and nominal damages against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20; and punitive damages against Defendants VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20.

WHEREFORE, Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR. pray for relief as hereunder appears.

## THIRD CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const. Amend. I; 42 U.S.C. § 1983)

108.    Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR. assert this Claim against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20.

29

109.    The allegations of the preceding paragraphs 1 to 101 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

110.    Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR. shared a close relationship and special bond with EDWARD RAMOS III, their biological child, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close familial relationship. Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR. frequently visited or spoke with EDWARD RAMOS III.

111.    *Municipal / Supervisory / Individual Liability*: Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20 caused termination of and interference with Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR.'s familial relationship with EDWARD RAMOS III, including by exhibiting deliberate indifference to EDWARD RAMOS III's safety and security, in violation of the First Amendment to the United States Constitution.

112.    Defendants VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

113.    Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR. were injured as a direct and proximate result of Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20's actions and inactions, entitling them to receive compensatory (wrongful death) and nominal damages against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20; and punitive damages against Defendants VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON,

30

JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20

WHEREFORE, Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR. pray for relief as hereunder appears.

### FOURTH CLAIM

**Failure to Summon Medical Care**

**(Cal. Gov. Code § 845.6)**

114.   Plaintiff ESTATE OF EDWARD RAMOS III (pursuant to California Code of Civil Procedure § 377.30) asserts this Claim against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20.

115.   The allegations of the preceding paragraphs 1 to 95 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

116.   *Individual Liability*: Defendants JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20 knew or had reason to know that EDWARD RAMOS III was in need of immediate medical care and failed to take reasonable action to summon such medical care, in violation of California Government Code § 845.6.

117.   *Municipal / Supervisory Liability*: Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE maintained policies or customs of action and inaction and knew or should have known that officials under their command were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy, in violation of California Government Code § 845.6.

118.   *Vicarious Liability*: Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE are vicariously liable, including through the principles of *respondeat superior* and pursuant to California Government Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of agents and employees acting within the scope of employment, including Defendants VERNON WARNKE, JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20.

119.   Defendants VERNON WARNKE, JOSE RIOS, GUSTAVO OCHOA, CAROLYN

31

STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

120.   EDWARD RAMOS III was injured as a direct and proximate result of Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF EDWARD RAMOS III to receive compensatory (survival) damages against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20; and punitive damages against Defendants VERNON WARNKE, JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF EDWARD RAMOS III prays for relief as hereunder appears.

### FIFTH CLAIM

**Tom Bane Civil Rights Act**

**(Cal. Civ. Code § 52.1)**

121.   Plaintiffs ESTATE OF EDWARD RAMOS III (pursuant to California Code of Civil Procedure § 377.30), ROXANNE LABUGA, and EDWARD RAMOS JR. assert this Claim against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, and DOE 1 to 20.

122.   The allegations of the preceding paragraphs 1 to 120 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Deliberate Indifference

123.   *Individual Liability*: Defendants CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20 exhibited deliberate indifference to EDWARD RAMOS III's safety and security, including by inadequately classifying, housing, eradicating contraband, supervising, and

32

monitoring EDWARD RAMOS III and his cellmates, with deliberate indifference or reckless disregard in violation of the Fourteenth Amendment to the United States Constitution; and Article I, Section 7(a) of the California Constitution.

124.    *Municipal / Supervisory Liability*: Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE maintained policies or customs of action and inaction and knew or should have known that officials under their command were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy, with deliberate indifference or reckless disregard in violation of the Fourteenth Amendment to the United States Constitution; and Article I, Section 7(a) of the California Constitution.

<u>Unwarranted Interference with Familial Association</u>

125.    *Municipal / Supervisory / Individual Liability*: Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20 caused termination of and interference with Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR.'s familial relationship with EDWARD RAMOS III, including by exhibiting deliberate indifference to EDWARD RAMOS III's safety and security, with deliberate indifference or reckless disregard in violation of the First and Fourteenth Amendments to the United States Constitution; and Article I, Section 7(a) of the California Constitution.

<u>Failure to Summon Medical Care</u>

126.    *Individual Liability*: Defendants JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20 knew or had reason to know that EDWARD RAMOS III was in need of immediate medical care and failed to take reasonable action to summon such medical care, with deliberate indifference or reckless disregard in violation of California Government Code § 845.6.

127.    *Municipal / Supervisory Liability*: Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE maintained policies or customs of action and inaction and knew or should have known that officials under their command were inadequately trained,

supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy, with deliberate indifference or reckless disregard in violation of California Government Code § 845.6.

\* \* \*

(Allegations Common to All Theories)

128. *Vicarious Liability*: COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE are vicariously liable, including through the principles of *respondeat superior* and pursuant to California Government Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of agents and employees acting within the scope of employment, including Defendants VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20.

129. Defendants VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

130. EDWARD RAMOS III and Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR. were injured as a direct and proximate result of Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20's actions and inactions, entitling Plaintiffs ESTATE OF EDWARD RAMOS III, ROXANNE LABUGA, and EDWARD RAMOS JR. to receive compensatory (survival & wrongful death) and treble damages and civil penalties against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20; and punitive damages against Defendants VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to

20.

WHEREFORE, Plaintiffs ESTATE OF EDWARD RAMOS III, ROXANNE LABUGA, and EDWARD RAMOS JR. pray for relief as hereunder appears.

### SIXTH CLAIM

### Intentional Infliction of Emotional Distress

131. Plaintiff ESTATE OF EDWARD RAMOS III (pursuant to California Code of Civil Procedure § 377.30) asserts this Claim against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20.

132. The allegations of the preceding paragraphs 1 to 130 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

133. *Individual Liability*: Defendants CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, DOE 1 to 20 engaged in outrageous conduct, with intent or reckless disregard of the probability that EDWARD RAMOS III would suffer emotional distress and he did suffer severe emotional distress, including by inadequately classifying, housing, eradicating contraband, supervising, and monitoring EDWARD RAMOS III and his cellmates.

134. *Vicarious Liability*: Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE are vicariously liable, including through the principles of *respondeat superior* and pursuant to California Government Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of agents and employees acting within the scope of employment, including Defendants CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20.

135. Defendants CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

136. EDWARD RAMOS III was injured as a direct and proximate result of Defendants

35

CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF EDWARD RAMOS III to receive compensatory (survival) damages against of Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20; and punitive damages against of Defendants CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF EDWARD RAMOS III prays for relief as hereunder appears.

## SEVENTH CLAIM

### Negligence

137.   Plaintiff ESTATE OF EDWARD RAMOS III (pursuant to California Code of Civil Procedure § 377.30) asserts this Claim against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20.

138.   The allegations of the preceding paragraphs 1 to 136 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

139.   *Individual Liability*: Defendants CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20 owed EDWARD RAMOS III a duty of care and breached that duty, including by inadequately classifying, housing, eradicating contraband, supervising, and monitoring EDWARD RAMOS III and his cellmates, in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

140.   *Supervisory Liability*: Defendant VERNON WARNKE owed EDWARD RAMOS III a

36

duty of care, including (a) through Defendant VERNON WARNKE's own conduct in creating or increasing an unreasonable risk of harm to EDWARD RAMOS III; (b) through Defendant VERNON WARNKE's special relationships (employer-employee) with Defendants CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20; and/or (c) through Defendant VERNON WARNKE's special relationships (public protection and/or jailer-prisoner) with, and affirmative duty to protect, EDWARD RAMOS III, and breached that duty including by maintaining policies or customs of action and inaction which resulted in harm to EDWARD RAMOS III in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

141.    *Municipal Liability*: Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE maintained policies or customs of action and inaction resulting in harm to EDWARD RAMOS III, in violation of California Government Code § 845.6.

142.    *Vicarious Liability*: Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and/or pursuant to California Government Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20.

143.    Defendants VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

144.    EDWARD RAMOS III was injured as a direct and proximate result of Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF EDWARD RAMOS III to receive compensatory (survival)

37

damages against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20; and punitive damages against Defendants VERNON WARNKE and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF EDWARD RAMOS III prays for relief as hereunder appears.

### EIGHTH CLAIM

**Wrongful Death**

**(Cal. Code Civ. Proc. § 377.60)**

145. Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR. assert this Claim against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20.

146. The allegations of the preceding paragraphs 1 to 144 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

147. Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR. shared a natural parent-child relationship with EDWARD RAMOS III. Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR. held out EDWARD RAMOS III as their own child. Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR. frequently visited or spoke with EDWARD RAMOS III prior to his death. Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR. are the biological parents of EDWARD RAMOS III, and are heirs and successors-in-interest to EDWARD RAMOS III.

148. *Individual Liability*: Defendants CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20 caused EDWARD RAMOS III's death by wrongful act and neglect, including by inadequately classifying, housing, eradicating contraband, supervising, and monitoring EDWARD RAMOS III and his cellmates, in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

38

149.    *Municipal / Supervisory Liability*: Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE caused EDWARD RAMOS III's death by wrongful act and neglect, including by maintained policies or customs of action and inaction resulting in harm to EDWARD RAMOS III in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

150.    *Vicarious Liability*: Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and/or pursuant to California Government Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20.

151.    Defendants VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

152.    EDWARD RAMOS III died as a direct and proximate result of Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20's actions and inactions, entitling Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR. to receive compensatory (wrongful death) damages against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20; and punitive damages against Defendants VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20.

WHEREFORE, Plaintiffs ROXANNE LABUGA and EDWARD RAMOS JR. pray for relief as

hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ESTATE OF EDWARD RAMOS III, ROXANNE LABUGA, and EDWARD RAMOS JR. seek Judgment as follows:

1.     For an award of compensatory, general, special, and nominal damages (including survival damages and wrongful death damages under federal and state law) against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20, according to proof at trial;

2.     For an award of exemplary/punitive damages against Defendants VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally and statutorily protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3.     For funeral and/or burial expenses;

4.     For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CLIFFORD TILLEY, OMAR AYALA JR., JOSE RIOS, GUSTAVO OCHOA, CAROLYN STRONG, GLENN PETERSON, JAYCOB FREITAS, HECTOR LAZARO, and DOE 1 to 20, pursuant to California Civil Code §§ 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants COUNTY OF MERCED and MERCED COUNTY SHERIFF'S OFFICE, pursuant to California Civil Code § 818);

5.     For interest;

6.     For an award of attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, California Civil Code § 52.1, California Code of Civil Procedure § 1021.5, and any other statute as may be applicable; and

40

7.    For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: July 11, 2025                          Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF EDWARD RAMOS III,
ROXANNE LABUGA, and EDWARD RAMOS JR.

41

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Ramos v. County of Merced*, United States District Court, Eastern District of California, Case No. 1:25-cv-00056-JLT-SKO

## <u>JURY TRIAL DEMAND</u>

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF EDWARD RAMOS III, ROXANNE LABUGA, and EDWARD RAMOS JR.

Dated: July 11, 2025

Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF EDWARD RAMOS III,
ROXANNE LABUGA, and EDWARD RAMOS JR.